KLEINFELD, Senior Circuit Judge,
concurring in the judgment:
I concur. The majority opinion is compelling on the record before us, with respect to Jack of scienter. Because scienter is an element of section 10(b) liability, the reasoning in Part I.B., with which I fully agree, compels the result we reach.
The majority provides an alternative ground for reaching the same result, under the Supreme Court decision in Omnicare Inc., v. Laborers District Council Construction Industry Pension Fund.[1] That was a section 11 case. This js a section 10(b) case. As the Supreme Court explained in Herman & MacLean v. Huddleston, section 10(b) and section 11 are materially different,[2] The majority holds that the reasoning in Omnicare effectively overrules our decision in Reese v. Malone.[3] Under Miller v. Gammie[4] and its progeny, the tension between Reese and Omni-care and the doubt Omnicare casts on our analysis in Reese does not suffice to overrule Reese. Reese has to be “clearly irree- *624 oncilable” with Omnicare for Reese to be overruled.[5] Whether it is clearly irreconcilable strikes me as debatable, because Om-nicare is a section 11 case and Reese is a section 10(b) case.
I do not suggest that Reese survives. My concern is that it is an important and debatable question, one that we need not decide, and therefore one that we ought not to decide.[6] The delicacy of the question arises from the considerable differences, noted in Herman, between section 11 and section 10(b), as well as the pleading difference, Federal Rule of Civil Procedure 9(b) for section 10(b) claims and Federal Rule of Civil Procedure 8(a) for section 11 claims unless they are grounded in fraud.[7] Though I might well agree with the majority that the Omnicare analysis applies to section 10(b) cases, I think it is wiser to leave that arguable and important determination to a case where it has to be made.

. - U.S. -, 135 S.Ct. 1318, 191 L.Ed.2d 253 (2015).

. 459 U.S. 375, 380-84, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).

. 747 F.3d 557 (9th Cir. 2014).

. 335 F.3d 889 (9th Cir. 2003) (en banc).

. Id. at 900.

. See Nat’l Fed. of the Blind v. United Airlines, 813 F.3d 718, 745-47 (9th Cir. 2016) (Klein-feld, J. concurring).

. In re Rigel Pharm., Inc. Sec. Litig, 697 F.3d 869, 875-77, 885-86 (9th Cir. 2012).